**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 8, 2011

Lyle W. Cayce
Clerk

No. 10-10375

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALFREDO MEDINA,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:09-CR-133-1

Before SMITH, SOUTHWICK, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Alfredo Medina appeals his sentence of 480 months for distributing more than 500 grams of methamphetamine. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10375

I.

Medina pleaded guilty of distributing more than 500 grams of methamphetamine. According to the presentence report ("PSR"), he and his wife were the principal source of methamphetamine for a drug trafficker. The PSR, upon consideration of the facts available, recommended that Medina be held accountable for distributing 162.84 kilograms of methamphetamine.

Because his offense involved more than 15 kilograms of methamphetamine, Medina's base offense level was 38; the PSR also recommended that he receive a three-level reduction for acceptance of responsibility and adjustments for possessing a firearm and for importing drugs from Mexico via a drug cartel, resulting in a final offense level of 39. Medina had no criminal history points, placing him in criminal history category I, yielding an advisory guideline range of 262-327 months in prison (the offense also carried a statutory minimum of 10 years and maximum of life).

Medina objected to the attribution of 162.84 kilograms, arguing that the calculation was high in light of his admission that he had sold approximately one kilogram to the drug trafficker on about thirty occasions and the drug trafficker's admission that he had bought about one kilogram every 7-10 days from Medina's predecessor. Medina admitted that this new calculation of approximately 30 kilograms would not affect his guideline range, because it was still over 15 kilograms, but he argued that it could affect the sentence selected within that range.

The probation officer compiling the PSR responded that 162.84 kilograms was a conservative estimate of the quantities involved, based on law enforcement estimates that Medina and his wife had sold five pounds of methamphetamine per week in 2008 and three pounds per week in 2009. The probation officer also noted that an upward departure may be warranted because the drug quantity was more than ten times the minimum required to achieve a base offense level of 38, and because Medina had used his children in the course of his

No. 10-10375

drug dealing activity.

The district court ordered the following regarding Medina's objection:

[T]he court tentatively has concluded that Medina's objections are without merit, that Medina should not receive any reduction in his offense level based on acceptance of responsibility because of his frivolous denial and contest of relevant conduct in the form of drug quantities that can be taken into account by the court in determining what sentence to impose, and that a sentence above the top of the advisory guideline range would be appropriate in this case for the reasons given by the probation officer in the third addendum to the presentence report. The parties should take such tentative conclusions into account in making decisions as to the presentations to be made at the sentencing hearing.

In response, Medina argued that the objection to the PSR was not frivolous and did not amount to a false denial of relevant conduct.

At sentencing, Medina announced that he was abandoning his objection to the quantity calculation in light of the court's stated tentative conclusion. The court explained, however, that "the mere abandonment of the objection doesn't change the fact that your client has not accepted responsibility. So I leave it up to you if you want to pursue the objection, bearing that in mind." The court also noted that "whether you abandon the objection or not your client is still subject to whatever the result would be from him having made the objection in the first place." Medina abandoned the objection.

The court then asked Medina whether he now accepted responsibility for distributing 162.84 kilograms; Medina responded, through counsel, that he had distributed only between five and six kilograms, so that is all the methamphetamine for which he should be held accountable. Accordingly, the court found that Medina had frivolously contested and falsely denied relevant conduct and thus had not accepted responsibility. The court then adopted the PSR with the exception of the acceptance-of-responsibility recommendation, resulting in a

No. 10-10375

guideline range of 360 months to life.

On appeal, Medina argues that he was coerced by the district court to waive his objection to the drug calculation; that he did not voluntarily, knowingly, and intentionally waive his objection; and that the sentence is unreasonable. He does not challenge the district court's characterization of the objection as frivolous, the denial of the acceptance-of-responsibility reduction, the PSR's drug-quantity determination, or the final guideline calculation.

## II.

We review a criminal sentence for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). We first determine whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id*. at 51. If the sentence is procedurally sound, we then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . . tak[ing] into account the totality of the circumstances." *Id*. If the sentence is within a properly calculated guidelines range, it is accorded a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

## III.

Medina contends that he was coerced by the district court to waive his objection to the 162.84 kilograms attributed to him in the PSR.[1] The record does

---

[1] The government maintains that Medina did not actually withdraw his objection to the drug calculation, pointing to Medina's later statement that he is willing to accept responsibili-
(continued...)

No. 10-10375

not support such a conclusion.

At the sentencing hearing, the court had already made a tentative decision that the objection was frivolous and that it was inclined to deny Medina any reduction for acceptance of responsibility. The court then allowed Medina the opportunity to persist in the objection or withdraw it. That was not coercion, because there was nothing the court could use to coerce: The court made it plain that Medina could persist in his objection without altering the court's approach to the sentencing. The court's stated conclusion that the objection was frivolous—a conclusion Medina does not challenge here—cannot serve as the basis for finding coercion, because it would be absurd for a detrimental legal ruling on an objection to be construed as the court's coercing a defendant to withdraw that objection.

If anything, the district court's emphasis on the relative irrelevance of Medina's decision to persist in or withdraw the objection demonstrates the absence of coercion. The spectre of judicial coercion is more likely to arise where the court tells the defendant that he must withdraw the objection or lose the possibility of gaining a reduction for acceptance of responsibility.

## IV.

Medina contends he did not "voluntarily, knowingly, and intelligently" withdraw his objection. It is uncertain, however, what legal argument Medina is making. The inclusion of the word "voluntarily" in that phrase seemingly im-

---

[1] (...continued)
ty for only 5-6 kilograms—not the 162.84 kilograms calculated in the PSR. There is, however, a distinction to be made: A defendant can withdraw an objection to a PSR's drug quantity calculation (because, for example, there is no evidence that can be put forth to contest the calculation) but still refuse to accept personal responsibility for that calculation (because he continues to believe that the calculation is incorrect). On the basis of this record, it appears that Medina did just that: He formally withdrew his objection to the PSR but refused to accept responsibility for a drug quantity greater than 5-6 kilograms.

No. 10-10375

plicates the possibility of judicial coercion—which we have addressed above—but the inclusion of "knowingly" and "intelligently" is inappropriate to the question of judicial coercion.

Medina cites no law, nor can we find any, that suggests that a district court, faced with a statement by defense counsel that a defendant is withdrawing an objection, is required independently to investigate whether that defendant is actually "knowingly and intelligently" withdrawing the objection in spite of his counsel's explicit statement. To the contrary, it seems obvious that a court should fully credit counsel's withdrawal of an objection where counsel can readily confer with the defendant and the defendant fails to correct counsel's withdrawal—either privately to counsel or in a direct statement to the court at sentencing, neither of which occurred here.

## V.

Medina claims his sentence is substantively unreasonable, particularly in comparison to the sentenced imposed on his co-defendant wife (who was allowed to plead guilty to a lesser amount of methamphetamine, assigned a guidelines range of 262-327 months, and sentenced to 327 months). He contends that, even if he did not accept responsibility, his sentence is "way too high"; that the court did not explain why his sentence was higher than that of his wife; and that the sentence is manifestly unjust because Medina is " a 50-year old man, with a sixth-grade education, in poor health, who had never been convicted of a crime before, who may never see his children again, and who will be deported upon completion of his sentence." Finally, Medina presents irrelevant statistics suggesting that this is an unusual sentence for a drug offense, as well as his own counsel's assertion that this sentence is greater than those usually given to his clients.

All of these arguments, with the exception of the irrelevant statistics and

even more irrelevant reference to Medina's counsel's past clients, were presented to the district court at sentencing. The court acknowledged all of Medina's arguments but found that a 480-month sentence was necessary to meet the requirements of sentencing. The court explained that the sentence takes into account the amount of drugs involved (over ten times the amount necessary to trigger his base offense level); the fact that the drugs were imported from Mexico through affiliations with a drug cartel; and Medina's use of his own children in his drug trafficking activity—his three daughters were present during drug sales, and one was used to help translate from Spanish to English during a drug transaction and to send text messages made in furtherance of Medina's trafficking.

To the extent that we should consider Medina's argument that his characteristics, compared to those of his wife, entitle him to a more lenient sentence, the record refutes the premise underlying that argument. The PSR, which was adopted by the district court, shows that Medina had a higher degree of involvement in the drug trafficking scheme than did his wife. Medina stated to the court, before sentencing, that he "pulled his wife into this." His wife also did not contest the drug quantity determination, which resulted in her receiving an offense-level reduction for acceptance of responsibility and a guideline range lower than that of Medina. Accordingly, her sentence was at the top of her guideline range, whereas Medina's was within his range.

In sum, it was not an abuse of discretion to impose this sentence based on the district court's findings of fact and stated reasons—particularly given the presumption of reasonableness accorded to a within-guidelines sentence. The judgment of sentence is AFFIRMED.