# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10522
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEFFREY J. SYKES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-257-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jeffrey J. Sykes appeals his two, consecutive 60-month sentences (totaling 120 months of imprisonment) that he received for his convictions of two counts of securities fraud.

As Sykes failed to argue below that the district court coerced him into withdrawing certain objections to the presentence report, we review his coercion argument for plain error. *See United States v. Peltier*, 505 F.3d 389,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10522

391-92 (5th Cir. 2007). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* As Sykes shows neither clear or obvious error by the district court nor that his substantial rights were affected by the alleged coercion, he fails to make the necessary showing. *See id.*

This court reviews a district court's denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 under a standard that is even more deferential than the pure clearly erroneous standard. *United States v. Washington*, 340 F.3d 222, 227 (5th Cir.2003). "The ruling should not be disturbed unless it is without foundation." *Id.* (internal quotation marks and citation omitted). However, even if we were to find that the district court erred by denying the adjustment, any such error would be harmless because the Government has shown that the district court would have imposed the same sentence even had the § 3E1.1 adjustment been granted. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009); *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir.2008).

AFFIRMED.