# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-10073
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PHILLIP SCHENCK,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-152-7

————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Phillip Schenck appeals the 480-month within-guidelines sentence and four-year term of supervised release he received following his guilty plea to conspiracy to possess with intent to distribute a controlled substance. Schenck argues that (1) the district court erred in denying a three-level reduction for acceptance of responsibility, (2) the district court erred in assessing a two-level enhancement for maintaining a drug premises, pursuant to U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10073

§ 2D.1.(b)(12), and (3) his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) because the district court did not consider his mitigation arguments. Schenck has also filed a pro se motion for the appointment of substitute appellate counsel.

A defendant may receive a two-level reduction pursuant to U.S.S.G. § 3E1.1(a) if he "clearly demonstrates acceptance of responsibility for his offense." We "will affirm a sentencing court's decision not to award a reduction . . . unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted). The record reveals that despite pleading guilty and truthfully admitting to some relevant conduct, Schenck acted in a manner not consistent with acceptance of responsibility by attempting to falsely deny material relevant conduct—such as by refuting claims that he conducted business with certain coconspirators and other sources of his drug supply, objecting to being held accountable for two firearms, and objecting to the drug quantity attributable to him–without providing any evidentiary support. *See* U.S.S.G. § 3E1.1, comment. (n.1(A)). Accordingly, Schenck is unable to demonstrate that the district court's denial of acceptance of responsibility was "without foundation." *Juarez-Duarte*, 513 F.3d at 211; *see also United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003) (affirming denial of acceptance of responsibility reduction when Medina's statements did not evince sincere remorse but attempted to mitigate his conduct).

Nor does Schenck show that the district court used the threat of denying acceptance of responsibility to coerce him into withdrawing his objections. At no time did the district court tell Schenck that he must withdraw his objections in order to receive a reduction for accepting responsibility. In addition to

warning Schenck about the penalties for false testimony when he was thinking about testifying, the district court also expressed concern that Schenck was frivolously denying relevant conduct and explained this could be a "reason" to deny an acceptance reduction.   But it did not ask him to withdraw the objections.   Instead, the court continued listening to the objections and noted it would "see" whether the denials affected the reduction.   Even after it later indicated it had likely decided not to grant acceptance, the district court continued to consider the remaining objections without attempting to get Schenck to withdraw them.   We have rejected a coercion argument in similar circumstances.   *See United States v. Medina*, 432 F. App'x 349, 352 (5th Cir. 2011).

The district court's "application of § 2D1.1(b)(12) is a factual finding reviewed for clear error," *United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015), *cert. denied,* 137 S. Ct. 2107 (2017).   Section 2D1.1(b)(12) authorizes a two-level enhancement if the defendant "maintained a premises for the purpose of manufacturing or distributing a controlled substance."   For the § 2D1.1(b)(12) enhancement to apply, the drug-related activity "need not be the sole purpose for which the premises was maintained." *Haines*, 803 F.3d at 744 (quoting § 2D1.1(b)(12), comment. (n.17)).   Schenck presented no evidence to rebut the assertions in the adopted presentence report (PSR) that a principal purpose of the premises was drug distribution. The PSR reached that conclusion based on the presence of meth in Schenck's residence when he was arrested which corroborated other evidence showing that Schenck obtained four ounces of meth on a weekly basis and stored it at his home before selling it.   In light of the unrebutted PSR, *see United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013), the district court's application of the enhancement was not clearly erroneous.   *See Haines*, 803 F.3d at 744.

No. 16-10073

Because Schenck did not challenge the substantive reasonableness of his sentence in the district court, we review for plain error only. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). The record reflects that the district court expressly considered the relevant § 3553(a) factors as well as Schenck's arguments for mitigating his sentence but implicitly overruled those arguments and concluded that a within-guidelines sentence was appropriate. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Accordingly, we decline Schenck's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Schenck's general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008). Schenck has not demonstrated error, plain or otherwise, in the imposition of his within-guidelines prison term. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Peltier*, 505 F.3d at 392.

Accordingly, the judgment of the district court is AFFIRMED. Schenck's motion to dismiss his current appellate counsel and appoint substitute counsel should be DENIED as untimely. *Cf. United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998); *United States v. Rincon-Rincon,* 668 F. App'x 606, 607 (5th Cir. 2016), *cert. denied,* 137 S. Ct. 822 (2017).