# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2020

Lyle W. Cayce
Clerk

No. 19-30407
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALVIN WATTS, III,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CR-104-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Alvin Watts, III, was convicted by a jury of conspiracy to possess, transport, and traffic in embezzled pre-retail medical products and stolen property, in violation of 18 U.S.C. §§ 371 & 2; trafficking in stolen and embezzled pre-retail medical products, in violation of 18 U.S.C. § 670(a)(3),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30407

(b)(1), (c)(2); transportation of stolen property, in violation of 18 U.S.C. § 2314; and receipt, possession, concealment, storage, and sale of stolen property, in violation of 18 U.S.C. § 2315, and sentenced within the advisory guidelines range to 108 months of imprisonment and a three-year term of supervised release. On appeal, Watts contends that: (1) the Government's failure to correct allegedly false trial testimony regarding Broderick Landry's and Francis Asiedu Debrah's plea agreements constituted a violation of *Napue v. Illinois*, 360 U.S. 264 (1959); and (2) the district court erred by denying three objections to the presentence report (PSR) regarding the application of a 14-level increase for the amount of loss under U.S.S.G. § 2B1.1(b)(1)(H), a two-level increase for receipt of stolen property under § 2B1.1(b)(4), and a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1. Proceeding pro se, Watts also moves for reconsideration of a prior order denying his motion to proceed pro se.

The Due Process Clause forbids the Government from knowingly using or failing to correct false testimony. *See Napue*, 360 U.S. at 269. To demonstrate a due process violation based on the Government's failure to correct false testimony under *Napue*, Watts must demonstrate that: (1) the testimony was false, (2) the Government knew that the testimony was false, and (3) the testimony was material. *United States v. Stanford*, 823 F.3d 814, 838-39 (5th Cir. 2016).

Landry and Debrah were both asked what their understanding of the plea agreement was regarding promises made to them by the United States, and they both correctly responded that the Government agreed to drop some charges in return for their truthful testimony. While neither stated that the Government also promised that their testimony and statements would not be used against them if they cooperated and that the Government would inform the court of the extent and value of their cooperation at sentencing, their full plea agreements were introduced into evidence by the Government,

2

including all of the Government's agreements, and both witnesses agreed that these were their plea agreements. There is nothing to indicate that Landry's and Debrah's omissions were done "with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). Moreover, "the Government can discharge its responsibility under *Napue* . . . to correct false evidence by providing defense counsel with the correct information at a time when recall of the prevaricating witnesses and further exploration of their testimony is still possible." *Beltran v. Cockrell*, 294 F.3d 730, 736 (5th Cir. 2002). The Government corrected any errors by providing the full plea agreements, which included the full recitation of the promises made by the Government, to the defense before trial.

Watts's argument that the district court erred by overruling three of his objections to the PSR is likewise without merit. With respect to his first objection, we "must defer to a factual finding as to the amount of loss, but must consider *de novo* how the court calculated the loss, because that is an application of the guidelines, which is a question of law." *United States v. Lige*, 635 F.3d 668, 671 (5th Cir. 2011) (internal quotation marks and citation omitted). There was no inconsistency between the district court's ruling as to restitution and its ruling as to calculation of loss under § 2B1.1(b)(1)(H), and Watts fails to demonstrate any error as to the value or quantity of the drugs.

As for his second objection, "[t]he district court's determination that [Watts] was in the business of receiving and selling stolen property is a factual finding we review for clear error." *United States v. Simpson*, 796 F.3d 548, 554 (5th Cir. 2015). The district court, after consideration of the four non-exclusive factors set out in the commentary to the Guidelines, concluded that the enhancement should be applied. Watts fails to meaningfully dispute any

of the relevant facts, and the district court's conclusion was not clear error. *See id.*

Watts's third objection is likewise without merit. A district court's "factual findings, such as a finding of obstruction of justice, are reviewed for clear error." *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). Troy Taylor testified at trial that before the first trial setting in the case, Watts came to his home at night. Watts had found out that Taylor planned to testify against him and told Taylor "[t]ell me this ain't true." Watts promised Taylor that he would take care of Taylor's family and finances if Taylor went to prison, which Taylor interpreted to mean that Watts would do so if Taylor opted not to testify and instead go to prison. The Guidelines and commentary "specifically allow for application of the enhancement to attempts by defendants to directly or indirectly threaten, intimidate, or influence a potential Government witness." *United States v. Searcy*, 316 F.3d 550, 553 (5th Cir. 2002). While Watts argues that this was nothing more than a candid conversation between lifelong friends, it is not implausible that, as the district court found, that Watts's comments to Taylor were an attempt to deter him from testifying at trial. Further, Landry and Taylor testified that Watts told them to lie to the police if they were pulled over while transporting the medication back to Louisiana, gave them a false alibi to use if they were stopped by the police, and gave Taylor a letter to give to his attorney which repeated this lie. This can form the basis for an obstruction of justice enhancement, *see United States v. Milton*, 147 F.3d 414, 417-18 (5th Cir. 1998), and Watts does not address this basis for the obstruction of justice enhancement.

Finally, we deny Watts's motion for reconsideration. A judge of this court previously denied Watts's motions to proceed pro se and defense counsel's motion to withdraw as untimely because they were filed after defense counsel's appellate brief. A defendant may not delay asserting his

right to proceed pro se on appeal until it interferes with the efficient administration of justice. *United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998). We have repeatedly, albeit in unpublished opinions, applied *Wagner* outside the context of motions to withdraw pursuant to *Anders v. California,* 386 U.S. 738 (1967), to deny motions to proceed pro se as untimely filed where they were filed after the merits brief. *See, e.g., United States v. Schenck*, 697 F. App'x 422, 424 (5th Cir. 2017) (applying *Wagner* to deny motion for appointment of substitute counsel as untimely because it was made after counsel filed a merits brief); *United States v. Davis*, 584 F. App'x 274, 274 (5th Cir. 2014) (same); *United States v. Sierra*, 186 F. App'x 461, 462 (5th Cir. 2006) (same). Although these opinions are not precedential, *see* 5TH CIR. R. 47.5.4, they are persuasive, *see Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

Watts's request was untimely because his motion to represent himself was not made until after his counsel filed an appellate brief. *See Wagner*, 158 F.3d at 902-903. He does not cite any case in which counsel's subsequent failure or refusal to file a reply brief altered this conclusion.

AFFIRMED; MOTION DENIED.