# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2020

Lyle W. Cayce
Clerk

No. 19-10937

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NATALIE ANGELES, *also known as* NATALIE DESCHAMPS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-14-A

Before SMITH, WILLETT, and DUNCAN, *Circuit Judges*.
STUART KYLE DUNCAN, *Circuit Judge*:

Natalie Angeles appeals the sentence she received after pleading guilty of drug trafficking. Her sole argument is that the district court coerced her into withdrawing objections to her presentence report by threatening to deny an acceptance-of-responsibility reduction. We affirm.

## I.

Angeles pleaded guilty of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). She admitted to coordinating delivery of liquid

meth from sources in Mexico to distributors in California, Georgia, and Texas from 2016 to 2018. Given the volume of meth involved (a converted weight of 749,800 kilograms), the presentence report ("PSR") calculated Angeles's base offense level as 38. *See* U.S.S.G. § 2D1(c)(1). It added three two-level enhancements because the meth was imported from Mexico, because Angeles distributed meth from her garage, and because she recruited and supervised drug couriers. *See id.* §§ 2D1.1(b)(5), 2D1.1(b)(12), 3B1.1(c). Deducting three points for accepting responsibility, *id.* § 3E1.1(a), (b), her total offense level was 41. Her criminal history category of I resulted in a guidelines range of 324 to 405 months.

Angeles raised numerous objections to the PSR. Relevant here, she contested the drug quantity attributed to her, the three enhancements, and the lack of a reduction for her allegedly minor role in the conspiracy. An addendum to the PSR rejected Angeles's objections and concluded she was frivolously denying relevant conduct such that she should forfeit any acceptance-of-responsibility reduction. Angeles withdrew her objection to the importation enhancement but filed supplemental objections regarding drug quantity. In response, the probation officer reduced some of the meth attributed to Angeles, but this did not change her base offense level.

The day before the sentencing hearing, the district court issued this order:

> After having considered the presentence report pertaining to defendant, Natalie Angeles, and the other sentencing items, the court tentatively has concluded that the objections made by defendant to the presentence report are without merit. Also, the court tentatively has concluded that defendant should not receive any reduction in her offense level based on acceptance of responsibility. . . . The parties should take such tentative conclusions into account in making decisions as to the presentations to be made at the sentencing hearing.

At the hearing, the court began by asking whether Angeles intended to pursue any objections to the PSR besides those already withdrawn. Angeles's counsel answered that she would pursue her objection to the drug-premises enhancement but would otherwise defer to the court's ruling. The court responded that it had reached only "tentative" conclusions and urged counsel to specify which objections Angeles wished to pursue. After briefly consulting with Angeles, counsel stated that Angeles would withdraw all objections.

The court proceeded to the acceptance-of-responsibility reduction. It noted its "tentative conclusion" that the reduction was unmerited, but invited counsel to present evidence. Counsel argued that Angeles accepted responsibility, asked that she not be "penalized for zealous representation," and pointed out that she had withdrawn all objections to the PSR. Unconvinced, the court expressed "misgivings" that Angeles had met her burden under U.S.S.G. § 3E1.1 to "clearly demonstrate acceptance of responsibility." The court pointed to her PSR objections which, although withdrawn, appeared to be "frivolous . . . and false denials of relevant conduct." In response, Angeles's counsel argued that—notwithstanding her specific objections to the PSR—Angeles had "never denied what her behaviors were with regard" to the basic facts of the crime. At that point the court relented, stating "I'm not going to deny her acceptance of responsibility."

The court then accepted the PSR's calculations with the resulting guideline range of 324 to 405 months. After hearing statements from one of Angeles's children and from Angeles herself, however, the court imposed a below-guidelines sentence of 280 months, combined with a five-year term of supervised release.

Angeles timely appealed.

No. 19-10937

## II.

Because Angeles's coercion argument was not raised in the district court, we review for plain error. *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008); *see also United States v. Sykes*, 559 F. App'x 331, 331 (5th Cir. 2014) (unpublished) (reviewing similar unpreserved coercion argument for plain error). "To prevail on plain error review, a defendant must show (1) an error that has not been affirmatively waived, (2) that is clear or obvious, and (3) that affected his substantial rights." *United States v. Lindsey*, --- F.3d ---, 2020 WL 4497205, at *2 (5th Cir. 2020) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)). "If a defendant satisfies these three conditions, we have the discretion to correct the error but should do so only if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Rosales-Mireles v. United States*, --- U.S. ---, 138 S. Ct. 1897, 1905 (2018)).[1]

## III.

Angeles's sole argument on appeal is that the district court "effectively coerc[ed]" her into withdrawing her objections to the PSR by threatening to withhold an acceptance-of-responsibility reduction. We disagree. We have before rejected similar coercion arguments in unpublished opinions, and we follow the same course now. *See United States v. Schenck*, 697 F. App'x 422, 423 (5th Cir. 2017) (unpublished); *United States v. Medina*, 432 F. App'x 349, 352 (5th Cir. 2011) (unpublished).

"The spectre of judicial coercion . . . [may] arise where the court tells the defendant that he must withdraw the objection or lose the possibility of

---

[1] Angeles claims it is immaterial whether her coercion claim was preserved because it involves "structural error" that "require[s] automatic reversal." She cites no authority for that proposition, however. The two cases she does cite involve, like this one, plain-error review of unpreserved claims of sentencing error. *See United States v. Mudekunye*, 646 F.3d 281, 289–91 (5th Cir. 2011) (applying "plain error review" to unpreserved objection to sentencing enhancements); *Gonzalez-Terrazas*, 529 F.3d at 296–99 (same).

gaining a reduction for acceptance of responsibility." *Medina*, 432 F. App'x at 352. We see no such strong-arming here, however. Rather, the court treated withdrawal separately from acceptance. The court first explained that Angeles could persist in her objections if she wished. *See, e.g., id.* (noting the court "allowed Medina the opportunity to persist in the objection or withdraw it"). Only after Angeles withdrew her objections did the court analyze acceptance of responsibility. While recognizing that Angeles had dropped her objections, the court nonetheless examined whether the objections showed she had "frivolously contest[ed] or falsely denie[d] relevant conduct." This was directly relevant to whether Angeles had "clearly demonstrate[d] acceptance of responsibility for [her] offense." U.S.S.G. § 3E1.1(a); *see id.* comment. (n.1(A)) (an "appropriate consideration[] include[s]" whether defendant "falsely denies, or frivolously contests, relevant conduct that the court determines to be true").[2] Indeed, the fact that the court deemed withdrawal irrelevant to Angeles's acceptance reduction, "[i]f anything, . . . demonstrates the *absence* of coercion." *Medina*, 432 F. App'x at 352 (emphasis added).

Finally, the court did not pressure Angeles into abandoning her objections by conveying before the hearing its "tentative conclusion" that her objections were "without merit." "[I]t would be absurd for a detrimental legal ruling on an objection to be construed as the court's coercing a defendant to withdraw that objection." *Id.* To the contrary, it is appropriate for a district court to "express concern that a defendant is frivolously denying relevant conduct and explain this could be a reason to deny an acceptance reduction." *Schenck*, 697 F. App'x at 423 (cleaned up); *see also, e.g., United*

---

[2] *See Schenck*, 697 F. App'x at 422–23 (affirming denial of acceptance reduction where, "despite pleading guilty and truthfully admitting to some relevant conduct," defendant "acted in a manner not consistent with acceptance of responsibility by attempting to falsely deny material relevant conduct") (citing U.S.S.G. § 3E1.1, comment. (n.1(A)).

No. 19-10937

*States v. Trevino*, 829 F.3d 668, 675 (8th Cir. 2016) (court did not "improperly coerce defendant into withdrawing his objections to the PSR's drug quantity findings" by "accurately warning defendant of the consequence of pursuing frivolous guidelines objections") (cleaned up).[3] Here, the district court did no more than that and so did not cross the line into coercing Angeles to withdraw her objections.[4]

We therefore find no error, much less the "clear or obvious" mistake necessary to overcome plain-error review. *Puckett*, 556 U.S. at 135.

AFFIRMED.

---

[3] Notably, Angeles does not argue that her objections to the PSR had any merit. Nor does she contradict her probation officer's assessment that her objections amounted to "falsely denying and frivolously contesting . . . relevant conduct." Thus, this appeal does not address the situation where a district court allegedly coerces a defendant into withdrawing potentially meritorious objections to a PSR.

[4] Instead of addressing our precedent, Angeles relies on cases finding "judicial coercion" where judges improperly pressure defendants to plead guilty by threatening a harsher sentence if they go to trial. *See, e.g., Longval v. Meachum*, 693 F.2d 236, 237 (1st Cir. 1982) (finding judicial coercion where court stated that it "might be disposed to impose a substantial prison sentence" if defendant did not plead guilty). Such authorities are off-point. Aside from the fact that no similarly coercive tactics appear in the record, Angeles admits that the Federal Rules of Criminal Procedure strictly prohibit courts from participating in plea negotiations. *See also, e.g., United States v. Rodriguez*, 197 F.3d 156, 158 (5th Cir. 1999) (explaining that "Rule 11(e)(1) is clear in its prohibition against all forms of judicial participation in or interference with the plea negotiation process") (internal quotation marks and citation omitted).