# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2013

Lyle W. Cayce
Clerk

No. 12-30674
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JUAN MANUEL TOVAR,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:11-CR-293-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Tovar appeals the 100-month prison sentence imposed upon his guilty-plea conviction for conspiring to make and to cause to be made false statements affecting the legality of a firearms sale.  We affirm.

Tovar contends that the district court committed clear error when it enhanced his offense level by four levels for firearms trafficking.  *See* UNITED STATES SENTENCING GUIDELINES § 2K2.1(b)(5) (2007).  He contends further that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sentence is substantively unreasonable because it fails to recognize that he met many of the objectives of 18 U.S.C. § 3553(a).

Under § 2K2.1(b)(5), a four-level enhancement applies if the defendant "transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual," knowing or having "reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm" to someone "whose possession or receipt of the firearm would be unlawful" or to someone "who intended to use or dispose of the firearm unlawfully." UNITED STATES SENTENCING GUIDELINES § 2K2.1 cmt. n.13(A) (2007). Whether § 2K2.1(b)(5) applies is a factual issue. *United States v. Juarez*, 626 F.3d 246, 251-52 & n.9 (5th Cir. 2010). We need not determine the standard of review concerning this issue, given that Tovar "cannot demonstrate any error at all" with regard to the enhancement. *United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012); *see also United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

We may affirm on any basis found in the record. *United States v. Ho*, 311 F.3d 589, 602 n.12 (5th Cir. 2002). There is "considerable evidence from which the district court could infer that [Tovar] knew or had reason to believe that [his] conduct would result in the transport, transfer, or disposal of [] firearm[s] to an individual"—Aaron Landry—"who intended to use or dispose of the firearm[s] unlawfully." *Juarez*, 626 F.3d at 252; *see also United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992). Instead of himself purchasing firearms for use as barter, Landry directed Tovar and another person to acquire them, "indicating that he did not wish to be associated with the transactions." *Juarez*, 626 F.3d at 252. And as Tovar stipulated, Landry then used the two rifles as barter or payment for drugs obtained from a Mexican drug supplier.

It is unlawful for an unlicensed person in Louisiana, which one could reasonably infer Landry to be, to trade (whether or not for drugs) a firearm to

an unlicensed person who did not reside in Louisiana, as one could reasonably infer of Landry's crystal methamphetamine dealer in Mexico. *See* 18 U.S.C. § 922(a)(5); *see also Juarez*, 626 F.3d at 252; *cf. United States v. Rodriguez*, 132 F.3d 208, 210-12 (5th Cir. 1997). Additionally, "[t]he Supreme Court has held that" trading a firearm for drugs "shows a sufficient nexus between firearms and drug trafficking to warrant conviction" pursuant to 18 U.S.C. § 924(c) for possessing a firearm in relation to a crime of drug trafficking. *United States v. Hernandez*, 457 F.3d 416, 423 (5th Cir. 2006) (citing *Smith v. United States*, 508 U.S. 223, 236 (1993)). Consequently, we do not disturb the district court's calculation of Tovar's total offense level.

We also reject Tovar's challenge to the substantive reasonableness of the sentence. The district court gave extensive reasons for its chosen sentence, emphasizing Tovar's significant criminal history. Those reasons comport with the sentencing factors established by Congress. *See* 18 U.S.C. § 3553(a). Because it is within the properly calculated guidelines range, Tovar's sentence is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007). The record offers no convincing reason for us to forgo applying that presumption and to substitute another sentence for the one chosen by the district court. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007).

AFFIRMED.