# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2021

Lyle W. Cayce
Clerk

No. 20-10485

United States of America,

*Plaintiff—Appellee*,

*versus*

Saul Hernandez-Serrano,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-316-1

Before Jones, Costa and Duncan, *Circuit Judges*.

Per Curiam:[*]

Saul Hernandez-Serrano appeals a 60-month sentence of imprisonment imposed following his guilty plea to illegal reentry, which the district court ordered to run consecutively to an undischarged state sentence for driving while intoxicated. Hernandez-Serrano argues that the district

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10485

court erred by adopting and imposing a consecutive sentence. Because the district court did not plainly err, we AFFIRM.

## BACKGROUND

Section 3584 of title 18 provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Although, as Hernandez-Serrano contends, the statute provides a default rule for interpreting judgments that are silent on the issue, this court has interpreted the statute to create a preference for imposing such sentences consecutively. *See United States v. Candia*, 454 F.3d 468, 477 (5th Cir. 2006) ("§ 3584 favors imposition of a consecutive sentence when the sentences are imposed at different times.").

The Sentencing Guidelines implement the statutory scheme set forth in § 3584. *See* 28 U.S.C. § 994(a)(1)(D) (authorizing the Sentencing Commission to devise Guidelines regarding "determination whether multiple sentences to terms of imprisonment should be ordered to run concurrently or consecutively"). Specifically, U.S.S.G. § 5G1.3 addresses the imposition of a sentence on a defendant, like Hernandez-Serrano, who is subject to an undischarged term of imprisonment at the time of sentencing. Subsection (a) provides that if an offense is committed after sentencing for another offense but before commencement of that sentence, the district court "shall" impose a consecutive sentence. § 5G1.3(a). Under subsection (d), in a case involving an undischarged term of imprisonment that is not covered by the other subsections, a district court may impose the sentence concurrently, partially concurrently, or consecutively to the undischarged sentence. § 5G1.3(d). The comment to subsection (d) also directs the district court, in applying subsection (d), to consider the 18 U.S.C. § 3553(a) factors, the type and length of the undischarged sentence, the time remaining on the undischarged sentence, and "[a]ny other circumstance relevant to the

determination of an appropriate sentence for the instant offense." U.S.S.G. § 5G1.3, cmt. (4)(A).

Hernandez-Serrano contends that, because the district court adopted the PSR, it erroneously applied § 5G1.3(a), which calls for a consecutive sentence, rather than (d), because the PSR used some of the language of (a), including the word "shall," although it cited (d). The relevant portion of the PSR states: "Therefore, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment. U.S.S.G. § 5G1.3(d)." The parties agree that subsection (a) was inapplicable on the facts, consequently, the question here is whether the court applied subsection (a) erroneously or (d) correctly.

The Government argues that, although the PSR used the word "shall," as in subsection (a), the PSR properly cited and the district court relied on subsection (d). According to the Government, subsection (d) "must be read" with the commentary, which directs the district court to be guided by factors including § 3584's default rule that multiple terms of imprisonment imposed at different times should run consecutively. Thus, although the PSR's use of the term "shall" was "imprecise," the PSR did not misrepresent the district court's discretion under § 5G1.3 and the district court did not plainly err.

## DISCUSSION

As Hernandez-Serrano acknowledges, he did not raise this claim in the district court and we thus review only for plain error. *See Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To succeed on plain error review, Hernandez-Serrano must show (1) an error, (2) that is clear or obvious, and (3) that affected his substantial rights. *See Puckett*, 556 U.S. at 135, 129 S. Ct. 1423, 1429. If he can satisfy those three prongs, this court has

the discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (alterations, internal quotation marks, and citation omitted).  We find neither "plain" error nor an adverse effect on the appellant's rights.

In determining whether the district court erroneously believed that a consecutive sentence was mandatory, this court considers the record as a whole.  Beyond adopting the PSR in general terms, the district court gave no indication at sentencing that the decision to impose the sentence consecutively to the undischarged sentence was based on § 5G1.3(a).  Further, in contrast to at least two of the cases upon which Hernandez-Serrano relies, *United States v. Bowman*, 634 F.3d 357, 362–63 (6th Cir. 2011); *United States v. Gibbs*, 506 F.3d 479, 487–88 (6th Cir. 2007), the court did not indicate a belief that a consecutive sentence was mandatory.  The district court instead specifically noted, at the sentencing hearing and in the statement of reasons, the advisory nature of the Guidelines and the § 3553(a) factors guiding the sentencing decision.  In keeping with the application note to U.S.S.G. § 5G1.3(d) and § 3553(a), the district court considered Hernandez-Serrano's history and characteristics, the need to deter criminal conduct, and the need to protect the public from further crimes by Hernandez-Serrano. [1]  U.S.S.G. § 5G1.3, cmt. (4)(A).  On balance, there is

---

[1] This court's decision in *United States v. Lindsey*, 969 F.3d 136, 143 (5th Cir. 2020), *cert. denied*, 592 U.S. _(U.S. Feb. 22, 2021) (No. 20-6803), is helpful, although Lindsey had arguably abandoned his claim of § 5G1.3(d) error.  This court noted that, even if Lindsey had not abandoned the issue, any error under § 5G1.3(d) as to the consecutive sentencing would not be plain because the guidelines application note directed the court to consider factors including § 3553(a) and any challenge to the weighing of those factors would not provide a sufficient basis for reversal. *Lindsey*, 969 F.3d at 141, 143.  In light of *Lindsey*, the guidelines commentary, and the record, any error is not clear or obvious. *See Lindsey*, 969 F.3d at 143.

no basis for a conclusion that the court "plainly" erred. *See Puckett,* 556 U.S. at 135, 129 S. Ct. at 1429.

Moreover, Hernandez-Serrano fails to show that the alleged error affected his substantial rights. *See Puckett*, 556 U.S. at 135, 129 S. Ct. at 1429. The presumption of an effect on a defendant's substantial rights in *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016), upon which Hernandez-Serrano relies in his reply brief, is inapplicable here. *Molina-Martinez* held that, absent additional evidence, courts will presume that an error in calculating the guidelines range affected a defendant's substantial rights. *Id.* Hernandez-Serrano has shown no error in the calculation of his guidelines range.

In addition, to show that a sentencing error affected his substantial rights, Hernandez-Serrano must demonstrate a reasonable probability that his sentence would have been different but for the error. *See United States v. Gozes-Wagner*, 977 F.3d 323, 342 (5th Cir. 2020). He avers that it is at least reasonably probable that the district court would have imposed a concurrent sentence had it "properly analyzed" the guidelines, both because "[m]any courts" would find a potential ten-year sentence too harsh for his offense and because the district court also relied on an erroneously imposed additional criminal history point in setting the sentence.

The law arguably favors a consecutive sentence where sentences are imposed at different times, 18 U.S.C. § 3584; *Candia*, 454 F.3d at 477, but § 5G1.3(d) is agnostic as to whether a sentence should run concurrently, partially concurrently, or consecutively. In comparison, § 5G1.3 recommends concurrent sentences when the undischarged sentence is for conduct "relevant" to the offense for which the defendant is being sentenced. § 5G1.3(b), (c). Hernandez-Serrano's DWI convictions were not relevant conduct to his illegal reentry offense. In fact, at sentencing, the

No. 20-10485

district court considered the Hernandez-Serrano's DWI convictions to reflect a "pattern of endangering American society," and specifically agreed with the Government that it was "appropriate to be concerned about that."

Additionally, the fact that the district court denied Hernandez-Serrano's request for a downward departure based on his time served in state custody does not suggest a preference for a concurrent sentence but rather the opposite. Further, as noted, the district court explained at sentencing that the sentence as imposed served the § 3553(a) objectives of reflecting the seriousness of the offense, providing just punishment, promoting respect for the law, deterring future criminal conduct, and protecting the public. Against these indicators, Hernandez-Serrano's rhetoric that "[m]any courts" would find his sentence overly harsh fails to show a reasonable probability of a concurrent sentence absent the alleged error. *See Gozes-Wagner*, 977 F.3d at 342.

Finally, Hernandez-Serrano argues that the PSR should not have allotted an extra criminal history point for a decade-old 2008 DWI sentence. He acknowledges that any error as to the point was harmless, but contends that, without it, he could have argued "that he only just barely falls in category IV." With or without the criminal history point, however, the 2008 DWI conviction further underscored the court's concern about the danger Hernandez-Serrano posed to the general public. *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008) (finding the sentence reasonable because the defendant's "undisputed criminal history provides ample justification for the sentence.") There is no reasonable probability that, without the criminal history point, the district court would have overlooked the prior DWI offense. *See Gozes-Wagner*, 977 F.3d at 342.

For these reasons, the judgment of the district court is AFFIRMED.