# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2023

Lyle W. Cayce
Clerk

———————

No. 21-60755

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOE CRAWFORD,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:18-CR-104-1

———————————————————————

Before GRAVES, HIGGINSON, and DOUGLAS, *Circuit Judges*.

STEPHEN A. HIGGINSON, *Circuit Judge*:[*]

After a jury trial, Joe Crawford was convicted of two counts of selling firearms to a felon in violation of 18 U.S.C. §§ 922(d) and 924(a)(2). The district court sentenced him to 121 months in prison and 3 years of supervised release. On appeal, Crawford challenges the sufficiency of the evidence to support his conviction, as well as two sentencing enhancements that the

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-60755

district court imposed. For the reasons stated below, we AFFIRM Crawford's conviction and sentence.

## I.

First, Crawford argues that no reasonable trier of fact could have found that he knew or had reasonable cause to believe that the confidential informant ("the CI") to whom he knowingly sold firearms was a convicted felon. Because Crawford preserved this challenge to the sufficiency of the evidence by timely moving for a judgment of acquittal, we review the claim de novo but "with substantial deference to the jury verdict." *United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018) (citation omitted). Under this standard, we "must affirm a conviction if, after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (emphasis in original).

A reasonable jury could have decided that Crawford knew or had reasonable cause to believe that the CI was a felon. The jury heard evidence that the CI repeatedly and expressly told Crawford that he had prior felony convictions. Viewed in the light most favorable to the government, this evidence was sufficient for a rational factfinder to have found this element of the offense beyond a reasonable doubt. *See id. Compare United States v. Peters*, 403 F.3d 1263, 1269-70 (11th Cir. 2005) (holding that conversations about felony convictions that included explicit references to those convictions were sufficient to prove reasonable-cause element), *with United States v. Murray*, 988 F.2d 518, 521-22 (5th Cir. 1993) (holding that there was insufficient evidence to show that defendant knew of conviction when there was no indication that he was present when conviction was discussed). Although Crawford argues that the CI's "repeated exaggerations, erratic

behavior[,] and lies" gave him "no reasonable basis to believe that [the CI] was in reality a convicted felon," assessing the credibility of Crawford's and the CI's testimony is "solely within the province of the jury," *United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992). We decline to disturb these credibility determinations, which "demand deference" on appeal. *United States v. Dadi*, 235 F.3d 945, 951 (5th Cir. 2000).

## II.

Next, Crawford argues that the district court erred in imposing a four-level sentencing enhancement under § 2k2.1(b)(4)(B), which applies "[i]f any firearm . . . had an altered or obliterated serial number." U.S.S.G. § 2k2.1(b)(4)(B). Because the record plausibly supports that Crawford's possession of firearms with obliterated serial numbers was part of the same course of conduct as his offense, we affirm.

In August 2018—two months after Crawford's final sale to the CI— government agents executed a search warrant at Crawford's home. The agents examined 379 firearms and seized 50 that were consistent with the types of weapons that Crawford had sold. Two firearms in Crawford's possession had obliterated serial numbers. The Presentence Investigation Report ("PSR") applied a § 2K2.1(b)(4)(B) enhancement because those two firearms "were possessed by Crawford . . . and are consistent with the types of firearms trafficked by [him]."

Crawford objected to the PSR, arguing that his possession of the firearms with obliterated serial numbers was not relevant conduct. The district court concluded that his possession of these firearms was relevant conduct because the firearms were found in Crawford's home and were of the type that he had trafficked to a convicted felon.

When determining whether to apply a Guidelines enhancement, the district court may consider conduct for which a defendant has not been

convicted if the conduct is still "relevant" under § 1B1.3.  U.S.S.G. § 1B1.3.
The district court's factual determination of what constitutes relevant
conduct is reviewed for clear error.  *United States v. Barfield*, 941 F.3d 757,
761 (5th Cir. 2019).  "A factual finding is not clearly erroneous as long as it is
plausible in light of the record as a whole."  *United States v. Rhine*, 583 F.3d
878, 885 (5th Cir. 2009) (citation omitted).  We will find clear error "only if
a review of all the evidence leaves us with the definite and firm conviction
that a mistake has been committed."  *Barfield*, 941 F.3d at 761-62 (cleaned
up).

The parties do not dispute that in the context of firearms transaction
offenses, relevant conduct includes acts that were "part of the same course
of conduct . . . as the offense of conviction."  U.S.S.G. § 1B1.3(a)(2).
Offenses are part of the same course of conduct "if they are sufficiently
connected or related to each other as to warrant the conclusion that they are
part of a single episode, spree, or ongoing series of offenses."  *Id.* § 1B1.3 cmt.
n.5(B)(ii).  "The determining factors are the degree of similarity of the
offenses, the regularity (repetitions) of the offenses, and the time interval
between the offenses."  *United States v. Brummett*, 355 F.3d 343, 345 (5th Cir.
2003) (cleaned up); *see* U.S.S.G. § 1B1.3 cmt. n.5(B)(ii) (listing these
factors).

The district court's finding that possession of firearms with
obliterated serial numbers was relevant to Crawford's offense is plausible
given the record.  To begin, there is evidence of "distinctive similarities
between the offense of conviction and the remote conduct that signal that
they are part of a course of conduct rather than isolated, unrelated events that
happen only to be similar in kind."  *United States v. Lindsey*, 969 F.3d 136,
141 (5th Cir. 2020) (citation omitted).  The firearms with obliterated serial
numbers found in Crawford's home were consistent with the types of
firearms that Crawford trafficked to the CI.  And Crawford kept firearms with

No. 21-60755

obliterated serial numbers in the same place as the rest of his inventory. According to the PSR, Crawford told one purchaser that Crawford would "check his safe at his home" to see if he had a gun, this purchaser bought guns at Crawford's home, and Crawford's trial testimony about his sales practices indicates that he stored the guns that he sold in his home—which is where the firearms with obliterated serial numbers were found. In fact, Crawford went back to his home to get a gun during one of the sales to the CI.[1]

As for regularity, there is evidence of a "repeated" "pattern of similar unlawful conduct directly linking the purported relevant conduct and the offense of conviction." *Lindsey*, 969 F.3d at 142 (citation omitted). On four occasions between February and June 2018, the CI obtained firearms from Crawford. Crawford was ultimately convicted of selling firearms to the CI on March 20, 2018, and June 14, 2018. And two firearms with obliterated serial numbers were recovered from Crawford's home. From this evidence, the district court could infer that Crawford regularly possessed firearms with obliterated serial numbers in the course of trafficking firearms.

Finally, only about two months elapsed between Crawford's last sale to the CI and his possession of the firearms with obliterated serial numbers. This time interval is close enough to render the offenses plausibly part of the same course of conduct. *Cf. United States v. Phillips*, 516 F.3d 479, 483-84

---

[1] Crawford asserts that the uncharged possession offense and the transaction offense of conviction have "very little similarity" because "[s]ale of a firearm to a prohibited person is quite different from simple possession of a firearm with an obliterated serial number." But two offenses need not be identical to be "similar." *See* U.S.S.G. § 1B1.3 cmt. n.5(B)(ii). Here, Crawford ignores the evidence that his possession of the prohibited firearms was the flipside of his firearms trafficking business. In other words, he could not sell firearms without possessing them. And the record reflects that the firearms with obliterated serial numbers were of the type he trafficked and were stored in the same place as the firearms he sold.

(6th Cir. 2008) (collecting cases, including this circuit's decision in *United States v. Brummett*, 355 F.3d 343 (5th Cir. 2003), that found possession of uncharged firearms relevant conduct in context of felon-in-possession conviction where the offenses were within a nine-month period). After all, *more* time passed between the two sales to the CI for which Crawford was convicted.

In sum, the record shows that Crawford regularly sold firearms that were stored at his home to a convicted felon, that the firearms with obliterated serial numbers were stored at his home shortly after his last sale to the felon, and that these firearms were of the type that Crawford sold to the felon. Given this evidence, we are not left with a "definite and firm conviction" that the district court made a mistake. *Barfield*, 941 F.3d at 761-62 (cleaned up).

## III.

Finally, Crawford argues that the district court erred in imposing a four-level sentencing enhancement under § 2k2.1(b)(5), which applies "[i]f the defendant engaged in the trafficking of firearms." U.S.S.G. § 2K2.1(b)(5). Crawford did not object to this enhancement in the district court, so our review is for plain error. *See United States v. Benitez*, 809 F.3d 243, 248 (5th Cir. 2015). To prevail under this standard, Crawford must establish that the district court committed a "clear or obvious" error that "affected [his] substantial rights" and that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (cleaned up); *see Greer v. United States*, 141 S. Ct. 2090, 2097 (2021).

The Guidelines commentary explains that the § 2k2.1(b)(5) enhancement applies if, as relevant here, the defendant "transferred . . . two or more firearms to another individual" and "knew or had reason to believe

that such conduct would result in the transfer . . . of a firearm to an individual" "whose possession or receipt of the firearm would be unlawful; or . . . who intended to use or dispose of the firearm unlawfully." U.S.S.G. § 2K2.1(b)(5) cmt. n.13(A). The commentary further defines "[i]ndividual whose possession or receipt of the firearm would be unlawful" as, *inter alia*, an individual who "has a prior conviction for a crime of violence, a controlled substance offense, or a misdemeanor crime of domestic violence." *Id.* § 2K2.1(b)(5) cmt. n.13(B).

Crawford does not dispute that the CI had a conviction for a controlled substances offense and therefore qualified as an individual whose possession or receipt of the firearm would be unlawful. But Crawford reads the Guidelines commentary as limiting this enhancement to the transfer of a firearm to an individual who the defendant knows has a prior conviction for a crime of violence, a controlled substance offense, or a misdemeanor crime of domestic violence. And Crawford argues that insufficient evidence shows that he knew that the CI had been convicted of one of those predicate crimes.

Crawford's interpretation of the Guidelines commentary is not persuasive. The commentary lays out two separate categories of prohibited individuals to whom the transfer of firearms triggers the trafficking enhancement: individuals "(I) whose possession or receipt of the firearm would be unlawful; *or* (II) who intended to use or dispose of the firearm unlawfully." U.S.S.G. § 2K2.1(b)(5) cmt. n.13(A)(ii) (emphasis added). "Or" is "almost always disjunctive," and Crawford does not give any reason to read these subsections conjunctively. *See Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1141 (2018) (cleaned up). Nor does Crawford point to any case adopting his theory.[2] Rather, we have affirmed applications of

---

[2] The case upon which Crawford relies, *United States v. Green*, treated these subsections as disjunctive. *See* 360 F. App'x 521, 524-25 (5th Cir. 2010) (per curiam). In

the trafficking enhancement based on the second subsection alone, *see United States v. Juarez*, 626 F.3d 246, 256 (5th Cir. 2010); *United States v. Tovar*, 516 F. App'x 383, 384 (5th Cir. 2013) (per curiam), and other circuits have done the same, *see United States v. Garcia*, 635 F.3d 472, 478 (10th Cir. 2011).

Here, the record evidence is sufficient to show that Crawford knew or had reason to believe that the CI "intended to use . . . the firearm[s] unlawfully." U.S.S.G. § 2K2.1(b)(5) cmt. n.13(A)(ii)(II). Among other relevant facts, Crawford covertly sold the guns to the CI. One sale took place at a gas station, and when the CI asked to see a weapon, Crawford went to the side of the gas station because, as Crawford told the CI, "they got cameras around back." For the next sale, Crawford and the CI met at the same gas station, drove to a secluded road, and parked under a shade tree. The CI testified that Crawford told him they switched spots because they "already did it too many times" at the gas station. And on both occasions, Crawford sold the firearms for more than their retail value. Drawing "common-sense inferences from the circumstantial evidence," *Juarez*, 626 F.3d at 256 (citation omitted), a sentencing court could infer that Crawford had reason to believe that a felon paying a premium for guns at a gas station, outside the range of any cameras, or on the side of a road intended to use the guns unlawfully. *See id.* at 252 (relying in part on "clandestine nature" of dealings and above-market price paid for firearms to apply enhancement); *United States v. Torres*, 644 F. App'x 663, 667 (6th Cir. 2016) (relying in part on the "secretive, street-level nature of the cash sales"); *United States v.*

---

*Green*, the government did not argue, and the district court did not find that the defendant was "prohibited from the possession or receipt of firearms" under the first subsection. *Id.* at 524. Still, our court considered the applicability of the second subsection and ultimately concluded that the government had not met its burden to show that the defendant knew or had reason to believe that the transferees intended to use or dispose of the firearms unlawfully. *See id.* at 524-25.

*Mena*, 342 F. App'x 656, 658 (2d Cir. 2009) (relying on fact that defendant "twice delivered guns in a plastic bag in exchange for cash on a street").

Because Crawford failed to object to this enhancement, the district court didn't have a chance to explain the facts upon which it relied or its reasoning.[3]  However, even if Crawford is correct that insufficient evidence supports his knowledge that the CI was an individual "whose possession or receipt of the firearm would be unlawful" within the Guidelines definition, U.S.S.G. § 2K2.1(b)(5) cmt. n.13(A)(ii)(I); *id.* § 2K2.1(b)(5) cmt. n.13(B), the district court still had sufficient evidence to impose the enhancement under the second subsection.  Accordingly, Crawford cannot meet his burden to show that any error affected "the fairness, integrity, or public reputation of judicial proceedings" such that we could exercise our discretion to reverse on plain-error review.  *Puckett*, 556 U.S. at 135 (cleaned up).[4]

IV.

Crawford's conviction and sentence are AFFIRMED.

---

[3] The PSR applied this enhancement since "[t]he evidence presented a trial, and accepted by the jury, reflects Crawford trafficked the firearms to a convicted felon in exchange for money."  After overruling Crawford's objection to the obliterated serial number enhancement, the district court adopted the PSR at the sentencing hearing.

[4] To be clear, the government argues that this case falls under the first subsection, not the second, and further contends that because Crawford knew and had reason to believe that the CI's "possession of the firearm was unlawful," the district court did not err in imposing the enhancement.  But we "may affirm an enhancement on any ground supported by the record." *United States v. Salinas*, 918 F.3d 463, 466 (5th Cir. 2019).  And because Crawford fails to meet his burden to show that this court ought to exercise its discretion to correct any error, we need not reach the government's arguments with respect to the first subsection.