# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2023

Lyle W. Cayce
Clerk

No. 22-11198
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Santos Franco-Pacheco,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-6-1

_____

Before Jones, Elrod, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Santos Franco-Pacheco appeals his sentence for illegal reentry. He was serving a state burglary charge when he was sentenced in federal court and requested the sentences be served concurrently. His request was denied because the district court held the sentences were unrelated. Franco-

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11198

Pacheco now argues that the district court should have weighed the factors in the guidelines section addressing persons with multiple sentences.

We review for plain error because the original request for concurrent sentences was based on mitigating circumstances and so is unrelated to the guidelines argument now before us. *See United States v. Narez-Garcia*, 819 F.3d 146, 150 (5th Cir. 2016).

We find no error in this case. The guidelines policy statement instructs that district courts do nothing other than consider that sentences can be made concurrent or consecutive. U.S.S.G. § 5G1.3(d), p.s. & comment. (n.4(A)). Neither the policy statement nor the commentary requires the district court to explicitly weigh various factors. *See United States v. Lindsey*, 969 F.3d 136, 140 (5th Cir. 2020). We are also unpersuaded by his claim that there was a problematic discrepancy in the description of the remainder of his state law sentence as the district court has access to the PSR with the correct information prior to sentencing.

AFFIRMED.