# United States Court of Appeals for the Fifth Circuit

---

No. 23-11178
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Manuel Espinoza-Camacho,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-133-1

---

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Manuel Espinoza-Camacho appeals his 24-month sentence of imprisonment imposed following his guilty plea to illegal reentry after deportation, which the district court ordered to run consecutively to his undischarged state sentence for murder. He challenges the consecutive nature of his sentence, arguing that the district court misapplied Section

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

5G1.3(d) of the Sentencing Guidelines and the associated commentary. He also asserts that the consecutive sentence is substantively unreasonable.

By requesting a shorter and concurrent sentence, Espinoza-Camacho preserved his challenges to the consecutive sentence. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 173–74 (5th Cir. 2020); *United States v. Reyes-Lugo*, 238 F.3d 305, 307–08 (5th Cir. 2001). In evaluating a procedural-reasonableness challenge, we review the district court's interpretation or application of the Guidelines *de novo* and its factual findings for clear error. *United States v. Cedillo-Narvaez*, 761 F.3d 397, 401 (5th Cir. 2014). If there is no procedural error, we then review the substantive reasonableness of the district court's sentencing decision for abuse of discretion. *Id.*

Guidelines Section 5G1.3(d) provides that, in a case like this one involving an undischarged term of imprisonment, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." § 5G1.3(d), p.s. The commentary to this guideline "instruct[s] the district court to consider a number of factors, including the 18 U.S.C. § 3553(a) factors, in making this decision." *United States v. Lindsey*, 969 F.3d 136, 143 (5th Cir. 2020); § 5G1.3, comment (n.4(A)). The record shows that the district court was made aware of, and is thus presumed to have considered, these factors, including that Espinoza-Camacho's undischarged state sentence consisted of 15 years of imprisonment, the majority of which he still had to serve. *See United States v. Izaguirre-Losoya*, 219 F.3d 437, 440 (5th Cir. 2000). Although the district court observed that this case was not related to the state case, the district court was not precluded from considering that factor when applying Section 5G1.3(d). *See* § 5G1.3, comment. (n.4(A)(v)).

In sum, the record indicates that the district court's application of Section 5G1.3(d) was consistent with the language of the guideline and its commentary. *See* § 5G1.3(d), p.s.   Accordingly, Espinoza-Camacho's procedural challenge fails.

As for Espinoza-Camacho's challenge to the substantive reasonableness of the consecutive sentence, we measure such reasonableness against the factors listed in Section 3553(a). *See United States v. Ochoa*, 977 F.3d 354, 357 (5th Cir. 2020).   Because Espinoza-Camacho's sentence conformed to Section 5G1.3(d) and was within the guidelines range, the consecutive nature of his sentence is "presumptively reasonable and is accorded great deference." *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006).

Espinoza-Camacho asserts that the goals of punishment, deterrence, and incapacitation under Section 3553(a) can be met by the remaining component of the undischarged sentence.   After considering the applicable guideline and "all the factors" in Section 3553(a), however, the district court concluded that a consecutive sentence was warranted.   In reaching that decision, the district court noted that the instant case was unrelated to the state case, therefore implying that the state sentence for murder would not provide just punishment for Espinoza-Camacho's illegal reentry offense in this case or adequately deter further illegal reentry offenses.   *See* § 3553(a). Under these circumstances, Espinoza-Camacho has not rebutted the presumption of reasonableness that is afforded his consecutive sentence.   *See Candia*, 454 F.3d at 478.

AFFIRMED.